PEOPLE ex rel. FRANKLIN v. FETHERSTON et al.

(Supreme Court, Appellate Division, Second Department. May 7, 1915.)

1. MANDAMUS ⬿181—PEREMPTORY WRIT—OPPOSING AFFIDAVITS.

The right to a peremptory writ in the first instance, when opposing affidavits raise an issue of fact, must be determined on the assumption that such affidavits are true.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 401–404, 406, 408, 409, 418; Dec. Dig. ⬿181.]

2. MUNICIPAL CORPORATIONS ⬿125—CIVIL SERVICE.

The general civil service law of the state applies to the city of New York, save as limited or repealed by its charter.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. ⬿125.]

3. MUNICIPAL CORPORATIONS ⬿217—CIVIL SERVICE—PROMOTION—ELIGIBILITY LISTS.

The municipal civil service commission cannot divide those eligible for promotion in clerical positions into separate lists according to residence in boroughs, but the municipal corporation is the unit; Civil Service Law (Consol. Laws, c. 7) § 18, relating only to appointments and not promotions, besides being confined to the labor class, which does not include a clerk.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 576, 577, 579, 580; Dec. Dig. ⬿217.]

Appeal from Special Term, Kings County.

Mandamus, on the relation of Edward M. Franklin against John T. Fetherston, Commissioner, and others. From an order for a peremptory writ, defendants appeal. Reversed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

Charles J. Nehrbas, of New York City (Terence Farley and Elliot S. Benedict, both of New York City, on the brief), for appellants.

Charles S. Aronstam, of New York City, for respondent.

JENKS, P. J.   This appeal is from an order of the Special Term for a peremptory writ of mandamus that requires the appellants to recognize legally the preference in promotion to which the relator is entitled as an honorably discharged veteran sailor·of the Civil War.

The grievance is that two men, who were not veterans, were promoted in the clerical force of the street cleaning department of the city of New York, in disregard of the right of the relator. The petition herein is dated February 1, 1915. The examination which resulted in the eligible list for such promotions was held in July, 1907, and the said promotions were made in 1909 and 1911, respectively. The petitioner alleged that he did not discover this discrimination against him until on or about September 1, 1914. The respondents in the proceedings submitted certain affidavits that tended to show that in 1911 the relator knew of the said promotions. If the relator had such knowledge, then the question of his laches arose.

[1] The relator's right to a peremptory writ of mandamus in the first instance presented a question of law. And, when the opposing affidavits raised an issue of fact, the right to a peremptory writ in the first instance must be determined upon the assumption that such affidavits were true. People ex rel. v. N. Y. C. & H. R. R. R. Co., 156 N. Y. 575, 51 N. E. 312, and authorities cited; Matter of Steinway, 159 N. Y. 254, 53 N. E. 1103, 45 L. R. A. 461. In such determination, the Special Term could neither weigh the conflicting affidavits nor disregard the issues raised as sham. People ex rel. Del Mar v. St. L. & S. F. R. Co., 47 Hun, 544. For this reason the order that grants a peremptory writ in the first instance must be reversed.

[2, 3] The respondents in these proceedings further showed that, after the examination for promotion, the passed men were placed on different eligible lists, according to the boroughs of their residence, and that consequently the relator did not appear on the list of eligibles limited to the residents of the borough of Manhattan, from which list these said promotions were made to "Manhattan positions." I am not impressed by this plea. The power of the municipal civil service commission to "prescribe, amend and enforce rules" is subject to and must be executed in pursuance to the Civil Service Law of the state (section 123 of the Greater New York Charter). The General Civil Service Law of the state applies to the city of New York, save as limited or repealed by the provisions of its charter. People ex rel. Fleming v. Dalton, 158 N. Y. 175, 52 N. E. 1113; People ex rel. Kastor v. Kearny, 164 N. Y. 64–66, 58 N. E. 14. I find no authority conferred by law upon the municipal civil service commission to divide, after an examination, those thereby qualified for promotion in clerical positions, into separate eligible lists according to their residences in the different boroughs, and to prefer those from one of such residential lists to the exclusion of others not upon such list, who are entitled to preference by the result of such examination, or by other qualifications such as vet-

eranship.   Section 18 of the Civil Service Law does not afford such authority, for it relates to appointments, not promotions, and it is confined to the labor class in cities, which class is therein defined as unskilled laborers and skilled laborers not included in the competitive or noncompetitive class.   A clerk is not a laborer, within the contemplation of such section.   While it is true that the subdivision of the city of New York into boroughs is a legislative act, nevertheless the municipal corporation itself may be regarded as a unit of local government. Thus in the Public Officers Law (Consol. Laws, c. 47) § 3, the limitation as to the residence of local officers is the political subdivision or municipal corporation of the state.   The relator is employed in the department of street cleaning, which is administered by a single commissioner.   The power of the commissioner is far more centralized than that of many other departments, and borough lines, so far as the said boroughs are concerned, are not even made lines of division for administrative purposes.   I think that, when the municipal civil service commission authorized such system of lists, it did not make a practical construction of the Civil Service Law, but rather exercised powers which are not warranted by any construction of the statute.   I have no doubt of their good faith, but their regulation is unwarranted by the law, and incidentally impairs the rights of the relator, which are assured both by the statute and the Constitution of the state.

I think that the order should be reversed, with $10 costs and disbursements, without prejudice to an application for an alternative writ.   All concur.